IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






 NO. AP-75,126 





EX PARTE ROLANDO G. FLORES, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NUMBER 2003-402708 IN THE 137TH DISTRICT COURT


FROM LUBBOCK COUNTY




 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
court in accord with Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. In August 2003,
Applicant pled guilty to assault, the trial court deferred adjudication of guilt, and placed
Applicant on community supervision for six years. In January 2004, the court adjudicated
Applicant guilty and sentenced him to confinement for eight years. The court of appeals
dismissed Applicant's appeal because of an untimely notice of appeal. Flores v. State, No.
07-04-00065-CR (Tex.App. - Amarillo, delivered April 30, 2004, no pet.). 

 Applicant contends he was denied his right to appeal because of ineffective assistance
of counsel. The trial court has filed findings of fact and conclusions of law recommending
Applicant not be granted an out-of-time appeal. We disagree. Counsel was appointed to
represent Applicant on the motion to adjudicate and never withdrew from representation of
Applicant. Although Applicant initially indicated a desire to hire different counsel,
ultimately, he did not and remained in contact with counsel about his appeal. Counsel knew
Applicant desired to appeal, but filed a late notice of appeal and failed to request an
extension of time under Tex.R.App.P. 26.3. See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim.
App. 1988). Accordingly, Applicant was denied his right to appeal. 

 Habeas corpus relief is granted and Applicant is given an out-of-time appeal from his
conviction in cause number 2003-402708 from the 137th District Court of Lubbock County. 
The proper remedy in a case such as this is to return Applicant to the point at which he can
give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time
limits shall be calculated as if the conviction had been entered on the day that the mandate
of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must
take affirmative steps to see that notice of appeal is given within thirty days after the mandate
of this Court has issued.

DO NOT PUBLISH

DELIVERED APRIL 6, 2005